UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:24-cr-7-HLA-LLL
18 U.S.C. § 922(d)(1)
18 U.S.C. § 922(a)(6)

DESMEND WILLIAMS CUNNINGHAM

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about March 7, 2023, in the Middle District of Florida, and elsewhere, the defendant,

DESMEND WILLIAMS CUNNINGHAM,

knowingly sold and disposed of, a firearm, that is, a multi caliber, Palmetto State Armory, PA-15 rifle, to a convicted felon, knowing and having reasonable cause to believe that the convicted felon receiving said firearm was a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(8).

## COUNT TWO

On or about May 1, 2023, in the Middle District of Florida, and elsewhere, the defendant,

DESMEND WILLIAMS CUNNINGHAM,

knowingly made a false statement and representation to employees of Money Mizer

Pawns and Jewelers, a federally licensed firearms dealer under the provision of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Money Mizer Pawns and Jewelers, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, to the effect that the defendant stated he was the actual transferee/buyer of all of the firearm(s) listed on the form, when in truth and fact, the defendant was buying the firearm on behalf of someone else.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. §§ 922(a)(6) and 922(d)(1), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) any firearms and ammunition involved in the commission of the offenses.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture or substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: *[signature]*
BRENNA FALZETTA
Assistant United States Attorney

By: *[signature]*
FRANK TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
1/16/24 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

DESMEND WILLIAMS CUNNINGHAM

## INDICTMENT

Violation: Ct. 1: 18 U.S.C. §§ 922(d)(1) and 924(a)(8)
Ct. 2: 18 U.S.C. §§ 922(a)(6) and 924(a)(2)

A true bill,

_____
Foreperson

Filed in open court this 17th day

of January 2024.

_____
Clerk

Bail $

GPO 863 525